1  STEVEN J. ROTHANS – State Bar No. 106579
   JILL WILLIAMS – State Bar No. 221793
2  BRIAN R. CHANG – State Bar No. 265735
   CARPENTER, ROTHANS & DUMONT
3  888 S. Figueroa Street, Suite 1960
   Los Angeles, CA  90017
4  (213) 228-0400 / (213) 228-0401 [Fax]
   srothans@crdlaw.com / jwilliams@crdlaw.com
5

6  Attorneys for Defendants, CITY OF SEAL BEACH, a public entity, and
         OFFICERS RON LAVELLE and GARY KROGMAN, public employees
7

8             UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA

10

11 | JACK J. PELENTY, JAMES M.        ) Case No.:  SACV 10-01939 CJC (Ex)
   | PELENSKY,                        )
12 |                                  ) [~~Proposed~~] PROTECTIVE ORDER
   |         Plaintiffs,              )
13 |                                  )
   | vs.                              )
14 |                                  )
   | CITY OF SEAL BEACH, RON          )
15 | LAVELLE individually and as a peace )
   | officer, and GARY KROGMAN,       )
16 | individually and as a peace officer, )
   | DOES 1-10.                       )
17 |                                  )
   |         Defendants.              )
18 |                                  )
   |_____)
19

20     This protective order shall govern the disclosure of any and all documents
21 produced in connection with the Court's July 13, 2012 Order, in the lawsuit
22 entitled Jack J. Pelenty, et al. v. City of Seal Beach, et al., bearing case number SA
23 CV 10-1939 CJC (Ex), which ordered the defendants to:
24     (1)   Produce all documents responsive to Requests for Production Nos. 3
25 and 4 (limited to September 30, 2003 through the date of the responses), relating to
26 any and all writings and records that reflect Seal Beach Police Department
27 ("SBPD") contacts with Steven Arzola and Kory Greenberg in their true names or
28 under an alias, including but not limited to calls for service, field investigation

1 cards, detentions, interrogations, arrests, bookings, or other communications;

2     (2) Produce all documents responsive to Request for Production No. 13, relating to performance evaluations for each of the individual defendants for the five (5) years preceding the date of the incident alleged in Plaintiffs' complaint to the present time; and

6     (3) Serve complete answers to Interrogatory No. 3, relating to each and every occasion where the individual defendants have been arrested (including field releases), including the date of the arrest, the name of the arresting agency and the offense(s) for which the individual Defendant(s) was/were arrested.

## PROTECTIVE ORDER

1. All documents produced pursuant to the Court's July 13, 2012 Order ("the Protected Documents")[1], will be clearly designated prior to the disclosure or production of such Protected Documents, and will bear the notation of "SUBJECT TO PROTECTIVE ORDER" on each page, provided the notation does not obscure or obliterate the document's contents. All Protected Documents shall be subject to this Protective Order as follows.

2. Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Plaintiffs and Defendant City of Seal Beach and its employees, including, but not limited to Sergeant Ron Lavelle and Detective Gary Krogman;

---

[1] Documents may qualify as Protected Documents only if they have not been made public.

- 2 -

[Proposed] PROTECTIVE ORDER

    (c)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

    (d)    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

    4.    The confidential information may be disclosed to the Court and court personnel, in connection with this litigation. Protected Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use information from Protected Documents must both (a) apply to submit unredacted documents containing information from Protected Documents under seal and (b) file public versions of the same documents with the information from Protected Documents redacted.

    5.    In the event this matter proceeds to trial, to the extent that any of the Protected Documents are offered into evidence, those Protected Documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

    6.    The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

    7.    Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements relating to information within the Protected Documents

1 made by such person during the course of said depositions.

2   8.   At any future deposition(s), should there be persons in attendance
3 who are not authorized to access to the Protected Documents or information, such
4 persons shall be removed from the deposition room at any time information
5 relating to the Protected Documents or protected information is disclosed or
6 discussed.

7   9.   The Protected Documents shall be used solely in connection with the
8 preparation and trial of this action, entitled <u>Jack J. Pelenty, et al. v. City of Seal
9 Beach, et al.</u>, bearing case number SA CV 10-1939 CJC (Ex), or any related
10 appellate proceeding, and not for any other purpose, including, without limitation,
11 any other litigation or administrative proceedings or any investigation related
12 thereto.

13   10.   This Order may not be modified except by: (1) written consent of the
14 parties **and** approval of the Court; or (2) court order. Any party may move for a modification of this
15 Order at any time.

16   11.   This Order is made for the purpose of ensuring that the Protected
17 Documents and the information contained therein will remain confidential.

18   12.   At the conclusion of this litigation, upon request of defense counsel,
19 plaintiffs' counsel shall return all Protected Documents to Steven J. Rothans, Esq.,
20 Carpenter, Rothans & Dumont, 888 S. Figueora Street, Suite 1960, Los Angeles,
21 California 90017. Alternatively, the receiving parties and every other person
22 and/or entity who received originals or copies of the protected information may
23 destroy all such material and material derived therefrom within thirty (30) calendar
24 days after the conclusion of this case. Additionally, within thirty (30) calendar
25 days after the conclusion of this case, counsel for the receiving parties shall send a
26 signed declaration stating that such material has been destroyed pursuant to this
27 Protective Order.

28 ///

1  13. Nothing in this Order shall be construed as authorizing a party to
2 disobey a lawful subpoena issued in another action.

### GOOD CAUSE

The City of Seal Beach submits that GOOD CAUSE exists to preserve the confidentiality of the documents governed by this stipulation, where the documents consist of portions of police officers' personnel file and private information concerning individuals who are not parties to this litigation. The Seal Beach Police Department has generated and collected the documents governed by this stipulation and has maintained the strictest confidentiality with respect to all of the materials requested. At no time have any of the requested materials been released to anyone other than the City of Seal Beach Personnel Department and City of Seal Beach City Attorney's Office, including other governmental agencies, except as the City and/or Seal Beach Police Department may have been ordered by other Courts. It is the defendants' position – as outlined in the opposition to the Motion to Compel underlying the disclosure of these documents – that disclosure of the documents violates the subject peace officers' right to privacy as protected by the California and United States Constitutions. The parties submit that a protective order governing these documents will serve to balance the officers' right of privacy with the plaintiffs' right to discovery in this litigation.

IT IS SO ORDERED.

DATED: 7/17/12

Honorable Charles F. Eick
United States Magistrate Judge